```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
CHRISTOPHER SHEERON,           :
                               :
        Petitioner,            :    No. 18-cv-14954 (NLH)
                               :
    v.                         :    MEMORANDUM AND ORDER
                               :
NORTH CAROLINA,                :
                               :
        Respondent.            :
_____:
```

It appearing that:

1. Petitioner Christopher Sheeron has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that the State of North Carolina has violated his right to a speedy trial as guaranteed under the Sixth Amendment of the U.S. Constitution.  See ECF No. 1.

2. Although Petitioner seeks to challenge charges pending in North Carolina, it appears that he is presently in custody in New Jersey for violating probation in this state and is awaiting residential placement in compliance with a condition of his release under New Jersey's Intensive Supervision Program.  See id. at 1.

3. According to the Petition, the pending North Carolina charges filed against Petitioner stem from a felony indictment for the possession of heroin and date back to October 2016 in Brunswick County Court in Bolivia, North Carolina.  Id.

4. A habeas petition pursuant to 28 U.S.C. § 2241, is the appropriate mechanism for any person who wishes to contest his or her "custody in violation of the Constitution or laws or treaties of the United States" before a court judgment is rendered. 28 U.S.C. § 2241(c)(3). See Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). Section 2241 permits a petitioner to seek pre-trial relief on a speedy trial claim under the Sixth Amendment, see id. at 442-45, including in situations where a petitioner seeks to challenge future confinement based on a detainer while held in custody on a matter unrelated to that detainer. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (holding that a petitioner imprisoned in Alabama on unrelated Alabama state convictions may contest his right to a speedy trial on a Kentucky detainer by § 2241 petition in the U.S. District Court for the Western District of Kentucky).

5. The instant matter raises a question of jurisdiction in that ordinarily a § 2241 petition must be filed in the prisoner's district of confinement because only a court located in the district of confinement has personal jurisdiction over the prisoner's custodian, i.e., the warden. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). When a prisoner challenges his future confinement by contesting another jurisdiction's detainer, however, the warden is not "the person who [holds] him

2

in what [is] alleged to be unlawful custody." Braden, 410 U.S. at 494-95. In such circumstances and for the purpose of the § 2241 petition only, the petitioner is deemed to be in custody of the officials lodging the detainer. See Rumsfeld, 542 U.S. at 437-38; Braden, 410 U.S. at 494-95; Graham v. Brooks, 342 F. Supp. 2d 256, 261-62 (D. Del. 2004). Here, although Petitioner is in the present custody of the State of New Jersey, he contests a detainer lodged by the State of North Carolina, which he has properly named as respondent in his Petition.

6. Thus, this Court lacks jurisdiction over the Petition and must transfer it to the jurisdiction in which Petitioner may contest his future confinement in North Carolina.

7. The Court takes judicial notice that the federal district court which encompasses Brunswick County, North Carolina, is the U.S. District Court for the Eastern District of North Carolina and will sua sponte transfer the Petition there.

Therefore, IT IS on this   21st   day of November, 2018,

ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 shall be transferred to the U.S. District Court for the Eastern District of North Carolina; and it is further

ORDERED that the Clerk of the Court shall effectuate the transfer on an expedited basis pursuant to 28 U.S.C. §§ 1406(a) and 1631; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |